In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00327-CR
_____

DAMARCUS LEE SAM JR., Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. F22-41263

_____

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, Appellant pleaded guilty to robbery, a second-degree felony. *See* Tex. Penal Code Ann. § 29.02. In cause number F22-41263, the trial court found the evidence sufficient to find Appellant guilty of robbery but deferred further proceedings and placed Appellant on community supervision for five years.

1

Subsequently, prior to the expiration of the term of community supervision, the State filed a motion to revoke Appellant's community supervision. In response to this motion, Appellant pleaded "true" to violating five terms of the community supervision order. After conducting an evidentiary hearing, the trial court found that the evidence was sufficient to find that Appellant violated those terms, and others, of his community supervision. The trial court revoked Appellant's community supervision, found him guilty of robbery, and assessed punishment at twenty years of confinement. Appellant's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes that the appeal is frivolous; he also filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 11, 2025, we notified Appellant of his right to file a pro se brief and notified him of the May 12, 2025 deadline for doing so, but we received no response from Appellant.

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

---

[1] Appellant may challenge our decision in this case by filing a petition for discretionary review. See Tex. R. App. P. 68.1.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on June 13, 2025
Opinion Delivered June 25, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.